UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TARUN KSHETRAPAL,

         *Plaintiff,*

  -against-

DISH NETWORK LLC, VIKAS ARORA and
IZABELA SLOWIKOWSKA,

         *Defendants.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-15

14 Civ. 3527 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Tarun Kshetrapal moves to compel the production of eighty-two documents that Defendants assert are protected by the attorney-client privilege or the work product doctrine. Plaintiff argues that Defendants have failed to meet their burden to demonstrate that either protection applies to the withheld documents.

    "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential and (3) was made for the purpose of obtaining or providing legal advice." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). "Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct. It requires a lawyer to rely on legal education and experience to inform judgment." *Id.* (internal citation omitted). Where a communication contains both legal and non-legal advice, the Court must "consider whether the predominant purpose of the communication is to render or solicit legal advice." *Id.* at 420.

    "The work product doctrine is codified in part in Fed.R.Civ.P. 26(b)(3), which provides

1

that a party is not entitled to obtain discovery of 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative' unless the party shows substantial need and an inability to obtain the substantial equivalent of the documents without undue hardship." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 384, 393 (S.D.N.Y. 2015). The party asserting work product protection bears the burden of establishing that the material that it seeks to protect "(1) was prepared in anticipation of litigation and (2) was prepared by or for a party, or by his representative." *Id.*

The Court has reviewed Defendants' *in camera* submission of November 4, 2015, which consists of a privilege log listing the eighty-two documents at Exhibit A and the documents themselves at Exhibit B. Applying the legal standards described above, the Court holds:

- The motion to compel is DENIED as to Exhibit B document 166. That document is protected by the attorney-client privilege.

- The motion to compel is DENIED as to Exhibit B documents 125, 126, 128, 129, 158, 159, 448, 449, 450, 456 and 457. Those documents are protected by the work product doctrine.

- The motion to compel is GRANTED for the remaining seventy Exhibit B documents, as Defendants have not demonstrated that they are protected by either the attorney-client privilege or the work product doctrine. Defendants are ordered to produce those documents, along with a copy of the Exhibit A privilege log.

## **CONCLUSION**

Plaintiff's motion to compel is GRANTED in part and DENIED in part. The clerk is directed to terminate the motion at Docket 50.

Dated: New York, New York
December 4, 2015

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge